IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGARET LUELLA DE BEAUDRAP
and JOSEPH DE BEAUDRAP,

        Plaintiffs,

vs.                                          CIVIL NO. 04-464 LFG/DJS

WERNER ENTERPRISES, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiffs' Motion for Partial Summary Judgment on Liability [Doc. 38]. Plaintiffs Margaret Luella De Beaudrap and Joseph De Beaudrap, her spouse, (De Beaudraps) seek the Court's determination that Defendant Werner Enterprises, Inc. ("Werner") is liable as a matter of law for a collision that occurred on March 29, 2003, when De Beaudraps were struck from behind by a Peterbilt truck-tractor owned by Werner and driven by Werner's employee James Toms. The Court considered the motion, response and reply and determines that oral argument is not necessary.

### Summary Judgment Standards

A summary judgment proceeding is appropriately used to cut through the allegations of the pleadings and determine if there is a triable issue. It's used when the moving party can demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598 (1970); Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995). The court does not decide the issue of fact, but, rather, only determines if there is an issue

that must be resolved at trial. Summary judgment is appropriate only if there not sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505 (1986). Thus, the Court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52, 106 S. Ct. at 2512. The Court, in considering a motion for summary judgment, construes the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing the motion. Perry v. Woodward, 188 F.3d 1220, 1225 (10th Cir. 1999).

## Background

The accident giving rise to this lawsuit occurred on March 29, 2003. Margaret Luella De Beaudrap was the driver of a passenger vehicle and her husband Joseph De Beaudrap was in the right front passenger seat. De Beaudraps were proceeding east-bound on Interstate 40 when they came upon a single-car accident. That accident occurred when a driver who was towing a trailer with a glider plane lost control of the tow vehicle. The trailer jack-knifed and the tow vehicle overturned. As a result of that accident, traffic ahead of the De Beaudraps stopped and the De Beaudraps immediately slowed in response. Margaret De Beaudrap was questioned about the accident:

> QUESTION: What is your recollection of how the accident occurred?
>
> ANSWER: I just remember brake lights coming on ahead of us, cars ahead of us and brake lights coming on, and so we assumed there was an accident ahead of us. And that's probably the last thing I remember . . . .

(Deposition, p. 61, lines 22-25; p. 62, lines 1-3).

> QUESTION: Had your vehicle come to a complete stop before the accident occurred?

> ANSWER: I don't think it was. As I remember, I don't think it was completely stopped; maybe going very slowly, but I don't think we were stopped completely.

(Deposition, p. 63, lines 9-14).

> QUESTION: Do you recall whether the vehicle ahead of you, whatever that may have been, was stopped or was it still proceeding forward?
>
> ANSWER: I don't know
>
> QUESTION: How would you describe your slowing action as you were coming up behind that vehicle? Were you slamming on the brakes, or was it a gradual stop?
>
> ANSWER: No. I would never slam on the brakes. I'd be in big trouble with Joe if I did. No, just slowing down gradually.

(Deposition, p. 67, lines 6-12).

Thus, according Margaret De Beaudrap, she slowed as a result of the accident ahead of her when her vehicle was struck in the rear by the Werner truck operated by Mr. Toms.

In its response in opposition to the motion for partial summary judgment, Werner submits the Affidavit of Nancy Adams who was also traveling east-bound on Interstate 40 on March 29, 2003. She was a co-driver in another Werner vehicle and testified:

> 4. Prior to the accident of 03-29-03 involving the Werner truck, I witnessed James Toms, the driver of the Werner truck, pass me, and my recollection is that he was not speeding or behaving in any way that indicated inattentiveness.
>
> 5. Due to a traffic accident ahead, traffic had stopped suddenly and without warning.
>
> 6. I did not hear anything about the accident on my CB radio, and there was nothing ahead to indicate that traffic had stopped, no flares or triangles.

(Werner's Response, Exhibit C, pp. 1-2).

3

This affidavit raised the issue of contributory and/or comparative negligence. For example, if as a result of the first accident, a "chain of events" ensued, requiring other drivers to suddenly stop in an emergency situation, Mr. Toms may not be liable or, at least, may not be entirely to blame.

### **Analysis**

The Court's function in considering a motion for summary judgment is to determine whether there is a material issue of fact in dispute, not to resolve the dispute by weighing the evidence. In this case, Margaret De Beaudrap testifies that she came upon the accident scene and slowed her vehicle due to the traffic congestion. Ms. Adams, on the other hand, stated that the traffic ahead had stopped "suddenly and without warning" and there was no prior indication of stopped traffic on the interstate, that is, no CB radio broadcast, no flares or triangles.

It is clear that if Mr. Toms was inattentive or driving his vehicle in back of the De Beaudrap vehicle more closely than is reasonably prudent, the evidence would support a finding of liability. *See, e.g.,* Lozoya v. Sanchez, 133 N.M. 579, 66 P.3d 948 (2003). However, the mere fact that there was a rear-end collision does not mandate a finding as a matter of law. Murphy v. Frinkman, 92 N.M. 428, 589 P.2d 212 (Ct. App. 1978). In Murphy, Judge Sutin, writing for the majority, stated:

> Even in rear end collisions, it has been said that questions concerning a defendant's negligence and a plaintiff's contributory negligence are usually questions of fact and should be withdrawn from the jury only in rare cases.

Id. at 430 (internal punctuation omitted). Indeed, the New Mexico Court of Appeals in Murphy stated, "We hope to dispel the myth that liability is consistently imposed as a matter of law on the driver of a car 'rear-ending' a car in front of it." Id. Questions of negligence, contributory negligence or comparative fault should be resolved by the fact finder.

Here, it is clear that there is a factual dispute concerning causation, and the factual dispute may not be resolved on summary judgment. Accordingly,

IT IS ORDERED that De Beaudraps' motion for partial summary judgment is denied.

*[Signature]*
Lorenzo F. Garcia
Chief United States Magistrate Judge